# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT TOBIN, an individual; JULIET TOBIN, an individual,<br><br>                              Plaintiffs,<br>   vs.<br><br>BC BANCORP, a California Corporation, *et al.*,<br><br>                              Defendants. | CASE NO. 09cv0256 DMS (CAB)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**[Docket No. 86]** |

This matter comes before the Court on Defendants Wells Fargo Bank ("Wells Fargo"), Indymac Federal Bank, FSB ("Indymac") and Elke Poerschke's motion for judgment on the pleadings. Plaintiffs have filed an opposition to the motion, and Defendants have filed a reply. For the reasons discussed below, the Court denies the motion.

## I.
## BACKGROUND

On or about June 26, 2006, Plaintiffs Albert Tobin, age 79, and Juliet Tobin, age 91, refinanced the mortgage on their primary residence located at 1585 Powell Road in Oceanside, CA. (Corrected Second Amended Complaint ("CSAC") ¶¶ 27-29.) On September 18, 2008, Plaintiffs gave notice of their intent to rescind the loan transaction, due to alleged violations of the Federal Truth In Lending Act ("TILA") by, among others, BC Bancorp, a creditor on the loan. (*Id.* at ¶ 36.) Despite this notice,

/ / /

Defendants proceeded with foreclosure proceedings against the property prompting Plaintiffs' counsel Deborah L. Raymond to contact Defendant Indymac, the servicer of the loan.

In November 2008, Raymond exchanged e-mail messages with Defendant Elke Poerschke, Vice President of Corporate Compliance at Indymac, in an effort to resolve the dispute and halt the foreclosure proceedings.  (*Id.* at ¶ 39.)  The e-mail exchange is attached to the CSAC as Exhibit H, and provides as follows:[1]

> From: Deborah L. Raymond [mailto:draymond@lawinfo.com]
> Sent: Friday, November 07, 2008 11:38AM
> To: Poerschke, Elke
> Subject: RE: Albert W. Tobin and Juliet E. Tobin / IMFB Loan No. 3002883258
>
> Dear Ms. Poerschke:
>
> This email is regards to my above referenced clients. As we discussed, my clients are elderly and the pending Trustee's Sale on their home is causing them severe emotional distress.
>
> Pursuant to the last message that you left on my voice mail, it was my understanding that you were going to review the loan modification Information provided by my clients and have the Trustee's Sale postponed.
>
> I have just looked online and the Trustee's Sale is still pending for 11/20/2008. Please inform me of your intentions and provide me with written confirmation that the Trustee's Sale has been postponed and to what date. Thank you.
>
> ----
>
> From: Poerschke, Elke [mailto:Elke.Poerschke@imb.com]
> Sent: Friday, November 07, 2008 1:19 PM
> To: draymond@lawinfo.com
> Subject: RE: Albert W. Tobin and Juliet E. Tobin / IMFB Loan No. 3002883258
>
> Dear Ms. Raymond,
>
> I have confirmed that the foreclosure was placed on hold and your clients' file has been forwarded to a loss mitigation specialist. I've asked for them to provide me with an update. I will be back in touch with you as soon as I hear from them.
>
> Thank you.
>
> Elke Poerschke
>
> ----
>
> From: Deborah L. Raymond [mailto:draymond@lawinfo.com]
> Sent: Wednesday, November 12, 2008 7:50 PM
> To: Poerschke, Elke
> Subject: RE: Albert W. Tobin and Juliet E. Tobin / IMFB Loan No. 3002883258

---

[1] The e-mail exchange set out below has been edit to appear in chronological order.

> Dear Ms. Poerschke:
>
> Based on your email below, it is my understanding that the Trustee's Sale has been postponed and yet, as of this writing, the foreclosure posting company states that it is still scheduled for November 20, 2008 (see attached). Please explain.
>
> Pursuant to your prior email, I informed my elderly clients (one of whom has just returned from being hospitalized) that you have placed the foreclosure on hold. Ms. Poerschke, we have relied on your representation. If the Tobin's home is unlawfully foreclosed upon, it will cause them serious and irreparable harm. Please provide me with verifiable confirmation that the Trustee's Sale has been postponed and to what date. Thank you.
>
> Deborah L. Raymond
> _____
>
> From: Poerschke, Elke [mailto:Elke.Poerschke@imb.com]
> Sent: Friday, November 14, 2008 6:48 AM
> To: draymond@lawinfo.com
> Subject: RE: Albert W. Tobin and Juliet E. Tobin / IMFB Loan No. 3002883258
>
> Dear Ms. Raymond,
>
> I have confirmed with our servicing department that the sale is still on hold (indefinitely). Should you wish to speak with our foreclosure attorney to verify this, you may contact them at 866-795-1852.
>
> Elke Poerschke

(*Id.*, Ex. H.)

On February 6, 2009, Plaintiffs' home was sold at a Trustee's Sale to Defendants Wells Fargo, US Bank, N.A. ("US Bank") and Deutsche Bank National Trust Company as Trustee for Alliance Bancorp Trust ("Deutsche Bank"). (*Id.* at ¶ 40.) Plaintiffs learned of the sale when an agent of Defendants' came to their residence on February 11, 2009, and told them that their house had been sold. (*Id.* at ¶ 41.)

That same day, Plaintiffs filed the present case alleging the following claims for relief: (1) violation of the TILA; (2) violation of California Business and Professions Code § 17200 (unfair competition); (3) quiet title; (4) accounting, (5) violation of the California Consumer Legal Remedies Act; (6) violation of the California Elder Abuse Act; (7) breach of fiduciary duty; (8) fraud/constructive trust; and (9) declaratory relief.

On February 20, 2009, Plaintiffs filed a First Amended Complaint adding Defendants Indymac and Poerschke, and asserting the following additional claims for relief: (1) intentional

1  misrepresentation, (2) negligent misrepresentation, (3) intentional infliction of emotional distress, (4)
2  negligent infliction of emotional distress, and (5) breach of contract.  (*Id.*)
3      On October 30, 2009, Plaintiffs filed a Second Amended Complaint adding Defendants US
4  Bank and Deutsche Bank as Defendants.  On January 19, 2010, Plaintiffs filed a Corrected Second
5  Amended Complaint to include Deutsche Bank's proper name.

## II.

## DISCUSSION

8  Defendants Wells Fargo, Indymac and Elke Poerschke move for judgment on the pleadings
9  on Plaintiffs' second, eighth, ninth, tenth, eleventh and twelfth claims.  Plaintiffs oppose the motion
10 in all respects.

**A.  Standard of Review**

12  "After the pleadings are closed-but early enough not to delay trial-a party may move for
13 judgment on the pleadings."  Fed. R. Civ. P. 12(c).  In reviewing a motion for judgment on the
14 pleadings, the court "must accept all factual allegations in the complaint as true and construe them in
15 the light most favorable to the non-moving party."  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir.
16 2009) (citing *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004)).  "Judgment on the pleadings is
17 properly granted when there is no issue of material fact in dispute, and the moving party is entitled
18 to judgment as a matter of law."  *Id.* (citing *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971,
19 978 (9th Cir. 1999)).

**B.  Misrepresentation Claims**

21  The first claims at issue in this motion are Plaintiffs' claims for intentional and negligent
22 misrepresentation.  The elements of an intentional misrepresentation claim are:  "(1) a
23 misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance
24 on the misrepresentation, (4) justifiable reliance, and (5) resulting damage."  *Conroy v. Regents of*
25 *Univ. of Cal.*, 45 Cal. 4th 1244, 1255 (2009) (citing *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 173
26 (2003)).  Negligent misrepresentation requires a showing of the same elements with one exception:
27 Negligent misrepresentation "does not require intent to defraud but only the assertion, as a fact, of that
28 which is not true, by one who has no reasonable ground for believing it to be true."  *Id.* (citing *Small*,

1  30 Cal. 4th at 173-74).  Defendants assert they are entitled to judgment on both of these claims based
2  on the allegations in the Complaint and the attachments thereto.
3         Defendants' liability for these claims is based on two e-mail messages that Defendant
4  Poerschke sent to Plaintiffs' counsel.  The first e-mail was sent on November 7, 2008, and states
5  Defendant Poerschke has "confirmed that the foreclosure was placed on hold and your clients' file has
6  been forwarded to a loss mitigation specialist." (Compl., Ex. H.)  In the second e-mail, Ms. Poerschke
7  stated: "I have confirmed with our servicing department that the sale is still on hold (indefinitely)."
8  (*Id.*)  Defendants argue these statements were true because the foreclosure sale did not take place until
9  February 6, 2009.  However, this delay does not demonstrate the representations were true.  Plaintiffs
10 allege Defendant Poerschke represented that the sale was on hold indefinitely, and this Court is
11 required to construe that allegation in Plaintiffs' favor.  As so construed, Defendant Poerschke's
12 statement may have indicated to Plaintiffs that the foreclosure sale would not go forward at all, or at
13 least until Defendants provided Plaintiffs with further notice.  Accordingly, this argument does not
14 warrant judgment on the pleadings.
15        Next, Defendants argue they are entitled to judgment on these claims because they did not
16 make any representations to Plaintiffs, but rather the representations were made to Plaintiffs' counsel.
17 Notably, Defendants fail to cite any authority to support their assertion that their representations must
18 be made directly to Plaintiffs.  Indeed, there is authority to the contrary.  *See Bullock v. Philip Morris*
19 *USA, Inc.*, 159 Cal. App. 4th 655, 677 (2008) (stating reliance element of fraud claim "is established
20 if the defendant made a misrepresentation to a third party, the defendant intended or had reason to
21 expect that the substance of the communication would be repeated to the plaintiff and would induce
22 the plaintiff's reliance, and the plaintiff was misled when the substance of the communication was
23 repeated to the plaintiff.") (citations omitted).  Therefore, this argument does not warrant judgment
24 on the pleadings.
25        Defendants next argue they are entitled to judgment because there was no intent to defraud.
26 Defendants assert Plaintiffs' allegations of intent are "simply false," (*see* Mot. at 8), but that assertion
27 contradicts this Court's obligation to "accept all factual allegations in the complaint as true and
28 construe them in the light most favorable to the non-moving party." *Fleming*, 581 F.3d at 925 (citing

*Turner*, 362 F.3d at 1225). This argument is a non-starter, and does not warrant entry of judgment on the pleadings.

Next, Defendants assert Plaintiffs did not justifiably rely on Defendants' representations. In essence, Defendants argue Plaintiffs' reliance on their representations was unreasonable because Plaintiffs' counsel had access to information about the foreclosure sale and could have discovered that the sale was going to proceed. However, this argument misses the mark. Whether Plaintiffs or their counsel could have discovered that Defendants' representations were false is not the issue. Rather, the issue is whether Defendants' representations caused Plaintiffs to engage in or refrain from certain conduct. *See Hall v. Time Inc.*, 158 Cal. App. 4th 847, 855 n.2 (2008) (stating in fraud case that justifiable reliance is same as causation) (citations omitted). Plaintiffs' allegations that they refrained from seeking a temporary restraining order or bankruptcy protection in light of Defendants' representations are sufficient to meet that element. Accordingly, this argument does not warrant judgment on the pleadings.

Defendants raise yet another argument in support of judgment on the pleadings: Plaintiffs did not suffer any damage. However, the allegations in the Complaint belie this argument. Plaintiffs allege they lost their home as a result of Defendants' misrepresentations. Thus, this argument does not warrant judgment on the pleadings.

Defendants' final argument in support of its motion for judgment on these claims is that their representations are protected by the litigation privilege. Whether a statement is covered by the litigation privilege is an "issue of fact." *Edwards v. Centex Real Estate Corp.*, 53 Cal. App. 4th 15, 39 (1997). Here, the facts are clearly in dispute, with Defendants asserting that Plaintiffs were actually contemplating litigation and Plaintiffs disputing that assertion. Under these circumstances, Defendants are not entitled to judgment on the pleadings on these claims.

**C.     Infliction of Emotional Distress**

The next claims at issue in this motion are Plaintiffs' claim for intentional and negligent infliction of emotional distress. Defendants argue they are entitled to judgment on these claims

/ / /

/ / /

1 because they did not intend to cause Plaintiffs emotional distress.[2] However, the allegations in the
2 Complaint are to the contrary, and on a motion for judgment on the pleadings, this Court must accept
3 those allegations as true. Accordingly, Defendants are not entitled to judgment on these claims.

**D.     Breach of Contract**

The next claim at issue is Plaintiffs' breach of contract claim. Defendants assert they are entitled to judgment on this claim because there was no contract, and even if there was a contract, there was no breach. However, Plaintiffs have alleged the existence of a contract, (CSAC at ¶ 120), and Defendants' breach. (*Id.* at ¶ 121.) Accepting these allegations as true, which the Court must on the present motion, Defendants are not entitled to judgment.

**E.     Unfair Competition**

The final claim at issue in this motion is Plaintiffs' claim for unfair competition. Defendants argue they are entitled to judgment on this claim because they did not engage in any wrongful conduct.[3] This conclusory argument does not warrant judgment on the pleadings.

**F.     Wells Fargo Bank**

Finally, Defendants argue the claims against Wells Fargo must be dismissed because Defendant Poerschke was not an employee of Wells Fargo, but was employed by Defendant Indymac. Plaintiffs point out, however, that their claims against Wells Fargo do not rely solely on an employer-employee relationship with Defendant Poerschke. They have also alleged theories of conspiracy and agency liability. In light of these alternative theories of liability, the Court declines to dismiss Wells Fargo from this case.

/ / /
/ / /
/ / /
/ / /

---

[2] Defendants also reassert some of the arguments raised on the misrepresentation claims. The Court rejects those arguments as they apply to the emotional distress claims for the reasons set out above.

[3] Defendants also reassert some of the argument discussed and rejected above. The Court rejects those arguments here as they relate to the unfair competition claim.

## III.

## CONCLUSION

For these reasons, the Court denies Defendants' motion for judgment on the pleadings.

**IT IS SO ORDERED**.

DATED: February 1, 2010

HON. DANA M. SABRAW
United States District Judge