1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   ALBERT TOBIN, an individual; JULIET              CASE NO. 09cv0256 DMS (CAB)
     TOBIN, an individual,
12                                                     **ORDER (1) GRANTING IN PART**
                                      Plaintiffs,      **AND DENYING IN PART**
13                                                     **DEFENDANT DEUTSCHE BANK**
                                                       **NATIONAL TRUST COMPANY'S**
14          vs.                                        **MOTION FOR SUMMARY**
                                                       **JUDGMENT, (2) GRANTING IN**
15                                                     **PART AND DENYING IN PART**
                                                       **DEFENDANT WELLS FARGO**
16                                                     **BANK, N.A.'S MOTION FOR**
     BC BANCORP, a California Corporation, *et*        **SUMMARY JUDGMENT AND (3)**
17   *al.*,                                            **DENYING PLAINTIFFS' MOTION**
                                                       **FOR PARTIAL SUMMARY**
18                                    Defendants.      **JUDGMENT**

19                                                     **[Docket Nos. 142, 143, 144]**

20

21          This matter comes before the Court on Defendants Deutsche Bank National Trust Company

22   and Wells Fargo Bank N.A.'s motions for summary judgment and Plaintiffs' motion for partial

23   summary judgment.[1]  The motions are fully briefed and ready for disposition.  For the reasons

24   discussed below, the Court grants in part and denies in part Defendants' motions, and denies

25   Plaintiffs' motion.

26   _____

27          [1]  Defendant NDEx West LLC filed a Notice of Joinder in Defendant Wells Fargo's motion
     on July 22, 2010, nearly one week after the reply briefs were filed.  Because Plaintiffs did not have
28   an opportunity to respond to arguments as they relate to Defendant NDEx West, the Court finds the
     Notice of Joinder was untimely filed, and declines to address the motion as to Defendant NDEx West.

# I.

## BACKGROUND

In June 2006, Plaintiffs Albert Tobin, age 79, and Juliet Tobin, age 91, were solicited to refinance their primary residence located at 1585 Powell Road in Oceanside, CA. (Decl. of Albert Tobin in Supp. of Pls.' Mot. for Partial Summ. J. ("Tobin Decl.") ¶ 3.)[2] Plaintiffs completed the refinance on or about June 26, 2006.

On May 1, 2007, Defendants Alliance Bancorp ("Alliance"), Wells Fargo Bank ("WFB") and Deutsche Bank National Trust Company ("Deutsche") entered into a Pooling and Servicing Agreement ("PSA") with Alliance Securities Corp. and GMAC Mortgage, LLC. ("GMAC"). (*See* Decl. of Deborah Raymond in Opp'n to Mot. for Summ. J., Ex. G.)[3] Pursuant to the terms of the PSA, Depositor Alliance Securities Corp. transferred title to certain mortgage loans to Defendant Deutsche as Trustee. (PSA § 2.01.) Defendant WFB was appointed Master Servicer of the loans included in the trust, Defendant Alliance was appointed Servicer of the loans, and GMAC was appointed Back-Up Servicer. Subsequently, Defendant Alliance transferred its rights and obligations as Servicer to IndyMac Bank, FSB, which transferred its rights to Defendant IndyMac Federal Bank, FSB ("IndyMac"), which transferred its rights to One West Bank, FSB.

On May 30, 2007, Plaintiffs' loan was transferred to Defendant Deutsche for inclusion in the pool of loans governed by the PSA. (Pls.' Statement of Disputed and Undisputed Facts in Opp'n to Mot. for Summ. J., Pls.' Fact No. 17.)

In February 2008, Plaintiffs defaulted on their loan. (*Id.*, Def.'s Fact No. 14.)

On September 18, 2008, Plaintiff mailed a Notice of Rescission of their loan to Defendants BC Bancorp, FDIC as Receiver of IndyMac, WFB and NDEx West, L.L.C. (Tobin Decl., Ex. F.) In response to that Notice, Defendant IndyMac agreed to enter a Rescission Agreement with Plaintiffs. (*See* Pls.' Notice of Lodgment in Supp. of Pls.' Mot., Ex. 2.) On October 3, 2008, Elke Poerschke,

///

---

[2] Defendants object to most of Mr. Tobin's declaration on grounds of hearsay and lack of foundation. The Court overrules those objections.

[3] Plaintiffs submitted only a small portion of the PSA with their opposition brief. After the motion was submitted, and at the Court's request, Plaintiffs submitted a copy of the entire PSA.

1   who was then employed as Vice President - Corporate Compliance for Defendant IndyMac, prepared

2   a letter and Rescission Agreement for Plaintiffs' review and approval.  (*Id.*)

3          The following month, Plaintiffs' counsel engaged in a series of e-mails with Poerschke

4   concerning Plaintiffs' loan.  The e-mail exchange is attached to the Corrected Second Amended

5   Complaint ("CSAC") as Exhibit H, and provides as follows:[4]

6          From: Deborah L. Raymond [mailto:draymond@lawinfo.com]
           Sent: Friday, November 07, 2008 11:38AM
7          To: Poerschke, Elke
           Subject: RE: Albert W. Tobin and Juliet E. Tobin / IMFB Loan No. 3002883258
8
           Dear Ms. Poerschke:
9
           This email is regards to my above referenced clients. As we discussed, my clients are
10         elderly and the pending Trustee's Sale on their home is causing them severe emotional
           distress.
11
           Pursuant to the last message that you left on my voice mail, it was my understanding
12         that you were going to review the loan modification Information provided by my
           clients and have the Trustee's Sale postponed.
13
           I have just looked online and the Trustee's Sale is still pending for 11/20/2008. Please
14         inform me of your intentions and provide me with written confirmation that the
           Trustee's Sale has been postponed and to what date. Thank you.
15   _____

16         From: Poerschke, Elke [mailto:Elke.Poerschke@imb.com]
           Sent: Friday, November 07, 2008 1:19 PM
17         To: draymond@lawinfo.com
           Subject: RE: Albert W. Tobin and Juliet E. Tobin / IMFB Loan No. 3002883258
18
           Dear Ms. Raymond,
19
           I have confirmed that the foreclosure was placed on hold and your clients' file has been
20         forwarded to a loss mitigation specialist. I've asked for them to provide me with an
           update. I will be back in touch with you as soon as I hear from them.
21
           Thank you.
22
           Elke Poerschke
23   _____

24         From: Deborah L. Raymond [mailto:draymond@lawinfo.com]
           Sent: Wednesday, November 12, 2008 7:50 PM
25         To: Poerschke, Elke
           Subject: RE: Albert W. Tobin and Juliet E. Tobin / IMFB Loan No. 3002883258
26
           Dear Ms. Poerschke:
27
     _____
28
     [4]  The e-mail exchange has been edited to appear in chronological order.

1

2

Based on your email below, it is my understanding that the Trustee's Sale has been postponed and yet, as of this writing, the foreclosure posting company states that it is still scheduled for November 20, 2008 (see attached). Please explain.

3

4

5

6

Pursuant to your prior email, I informed my elderly clients (one of whom has just returned from being hospitalized) that you have placed the foreclosure on hold. Ms. Poerschke, we have relied on your representation. If the Tobin's home is unlawfully foreclosed upon, it will cause them serious and irreparable harm. Please provide me with verifiable confirmation that the Trustee's Sale has been postponed and to what date. Thank you.

7

Deborah L. Raymond
_____

8

9

From: Poerschke, Elke [mailto:Elke.Poerschke@imb.com]
Sent: Friday, November 14, 2008 6:48 AM
To: draymond@lawinfo.com
Subject: RE: Albert W. Tobin and Juliet E. Tobin / IMFB Loan No. 3002883258

10

11

Dear Ms. Raymond,

12

13

I have confirmed with our servicing department that the sale is still on hold (indefinitely). Should you wish to speak with our foreclosure attorney to verify this, you may contact them at 866-795-1852.

14

Elke Poerschke

15

(CSAC, Ex. H.)

16

17

18

19

Despite Poerschke's representation that the foreclosure sale was on hold "indefinitely," there is evidence in the record that the foreclosure sale was only on hold for sixty days, and that Poerschke was made aware of that fact.  (*See* Poerschke's Notice of Lodgment in Supp. of Mot., Ex. C at 157-58.)

20

21

On February 6, 2009, Plaintiffs' home was sold at a Trustee's sale to Defendant IndyMac. Plaintiffs first learned of the sale on February 11, 2009.

22

23

24

25

26

27

28

That same day, Plaintiffs filed the present case.  The Corrected Second Amended Complaint ("CSAC") alleges the following claims for relief against the following Defendants: (1) violation of the Truth in Lending Act ("TILA") against Defendants WFB, US Bank, N.A., Deutsche, BC Bancorp and Alliance, (2) violation of California Business and Professions Code § 17200 ("UCL") against all Defendants, (3) quiet title against Defendants WFB, US Bank, N.A., Deutsche, BC Bancorp and Alliance, (4) violation of California's Consumer Legal Remedies Act against Defendants J&J Lending ("J&J"), Robert S. Garner ("Garner") and Loni Hall ("Hall"), (5) violation of California's Elder Abuse

Act by Defendants BC Bancorp, J&J, Garner and Hall, (6) breach of fiduciary duty by Defendants J&J, Garner and Hall, (7) fraud by Defendants J&J, Garner and Hall, (8) intentional misrepresentation by Defendants WFB, US Bank, N.A., Deutsche, IndyMac, Poerschke and NDEx West, L.L.C., (9) negligent misrepresentation by Defendants WFB, US Bank, N.A., Deutsche, IndyMac, Poerschke and NDEx West, L.L.C., (10) intentional infliction of emotional distress by Defendants WFB, US Bank, N.A., Deutsche, IndyMac, Poerschke and NDEx West, L.L.C., (11) negligent infliction of emotional distress by Defendants WFB, US Bank, N.A., Deutsche, IndyMac, Poerschke and NDEx West, L.L.C., and (12) breach of contract by Defendants WFB, US Bank, N.A., Deutsche, IndyMac, Poerschke and NDEx West, L.L.C.. The Clerk of Court entered defaults against Defendants BC Bancorp, Alliance, Garner and Hall, and the Court dismissed Defendants IndyMac, Poerschke and US Bank from the case. It appears Plaintiffs have settled their claims against Defendant J&J, but that Defendant has not yet been dismissed from the case. The only other remaining Defendants are WFB, Deutsche and NDEx West, L.L.C.

## II.

## DISCUSSION

Defendants Deutsche and WFB move for summary judgment on each claim against them: (1) violation of TILA, (2) violation of California Business and Professions Code § 17200, (3) quiet title, (4) intentional misrepresentation, (5) negligent misrepresentation, (6) intentional infliction of emotional distress, (7) negligent infliction of emotional distress, and (8) breach of contract. Plaintiffs move for summary judgment on their TILA claim only.

**A.     Summary Judgment**

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The moving party must identify the pleadings, depositions, affidavits, or other evidence that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A material issue of fact is one that affects the outcome

/ / /

of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

The burden then shifts to the opposing party to show that summary judgment is not appropriate. *Celotex*, 477 U.S. at 324. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, to avoid summary judgment, the opposing party cannot rest solely on conclusory allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, it must designate specific facts showing there is a genuine issue for trial. *Id. See also Butler v. San Diego District Attorney's Office*, 370 F.3d 956, 958 (9th Cir. 2004) (stating if defendant produces enough evidence to require plaintiff to go beyond pleadings, plaintiff must counter by producing evidence of his own). More than a "metaphysical doubt" is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**B.     TILA Claims**

In their first claim for relief, Plaintiffs allege Defendants violated TILA. As a result of the violations, Plaintiffs seeks rescission, recoupment and damages.

1.     <u>Rescission</u>

Defendants' primary argument in support of their motion for summary judgment on this claim concerns Plaintiffs' ability to tender. In its reply brief, however, Defendant Deutsche raises another argument that is dispositive of this claim, namely that the foreclosure sale terminated Plaintiffs' right to rescind.[5]

Title 15 U.S.C. § 1635(f) provides:

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor ....

---

[5] Although the general rule is that arguments raised for the first time in a reply brief are waived, "a district court has the discretion to consider an argument first raised in a reply brief." *Lane v. Dep't of Interior*, 523 F.3d 1128, 1140 (9th Cir. 2008). Because this argument goes to the viability of the claim, the Court will address it here.

15 U.S.C. § 1635(f).  Here, there is no dispute that the property was sold on February 6, 2009.  (Pls.' Statement of Disputed and Undisputed Facts in Opp'n to Mot. for Summ. J., Def.'s Fact No. 30.)  That sale extinguished Plaintiffs' right to rescind, and thus Defendants are entitled to summary judgment on this claim.

2.    Recoupment

Next, Plaintiffs allege a claim for recoupment under TILA.  Defendants assert this claim applies only as a defense, and since Plaintiffs are not defending against any claims in this case, recoupment does not apply.  Plaintiffs do not address this argument.

In support of their claim for recoupment, Plaintiffs cited 15 U.S.C. § 1640(e) in the CSAC.  That statute:

> does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.

15 U.S.C. § 1640(e).  Here, Plaintiffs are not defending against any action, therefore they are not entitled to assert a claim for recoupment.  *See In re Smith*, 737 F.2d 1549, 1555 (11th Cir. 1984) (stating plaintiff cannot assert a claim for recoupment "because her demand is not in the nature of a defense ....")  Accordingly, Defendants are entitled to summary judgment on this claim.

3.    Damages

Next, Plaintiffs allege a claim for damages under TILA.  Defendants assert this claim is untimely.  Plaintiffs respond that Defendants' TILA violations were ongoing, and continued through the date of the foreclosure sale on February 6, 2009.  Applying the date of the foreclosure sale, Plaintiffs argue their claim was timely filed.

TILA provides a one-year statute of limitations that begins to run from "the occurrence of the violation."  15 U.S.C. § 1640(e).  Generally, the violation occurs "at the time the loan documents were signed."  *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003).  Although one circuit court has applied the continuing violation theory to TILA claims, *Postow v. OBA Federal Savings and Loan Ass'n*, 627 F.2d 1370, 1379-80 (D.C. Cir. 1980), the Ninth Circuit has rejected that approach.  *King v. California*, 784 F.2d 910, 914 (9th Cir. 1986).  Absent that doctrine, Plaintiffs' claim for

1    damages under TILA is untimely.  Accordingly, Defendants' motion for summary judgment on this

2    claim is granted, and Plaintiffs' motion for partial summary judgment on this claim is denied.[6]

3    **C.    Misrepresentation and Emotional Distress Claims**

4          The next claims at issue are Plaintiffs' claims for intentional and negligent misrepresentation

5    and intentional and negligent infliction of emotional distress.  These claims are based on the conduct

6    of Elke Poerschke.  Before being dismissed from this case, Poerschke filed a motion for summary

7    judgment on these claims.  Defendants incorporate Poerschke's arguments into the present motions.

8    Defendants also argue they are not liable for these claims under an agency or conspiracy theory.

9    Plaintiffs dispute  Poerschke's arguments and Defendants' arguments about agency.  Plaintiffs do not

10   dispute the conspiracy theory, therefore the Court grants Defendants' motion for summary judgment

11   as to that theory.  The other arguments are addressed below.

12         1.    <u>Misrepresentation</u>

13         The elements of an intentional misrepresentation claim are:  "(1) a misrepresentation, (2) with

14   knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4)

15   justifiable reliance, and (5) resulting damage."  *Conroy v. Regents of Univ. of Cal.*, 45 Cal. 4th 1244,

16   1255 (2009) (citing *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 173 (2003)).   Negligent

17   misrepresentation requires a showing of the same elements with one exception: Negligent

18   misrepresentation "does not require intent to defraud but only the assertion, as a fact, of that which

19   is not true, by one who has no reasonable ground for believing it to be true."  *Id.* (citing *Small*, 30 Cal.

20   4th at 173-74).  Defendants assert there are no genuine issues of material fact on any of these elements,

21   and they are entitled to judgment as a matter of law.

22         *a.    Misrepresentation*

23         There is no dispute about the representations at issue in this case.  In the e-mail exchange with

24   Plaintiffs' counsel, Poerschke represented, first, that the foreclosure sale was on hold, and, second,

25   / / /

26

27         [6] Defendants are also entitled to summary judgment on Plaintiffs' UCL claim to the extent it
     relies on a TILA violation. *See Rosal v. First Federal Bank of Cal.*, 671 F.Supp. 2d 1111, 1126 (N.D.
28   Cal. 2009) ("To the extent that plaintiff's § 17200 claim is predicated on FFB's purported violations
     of TILA and its regulations, it fails as a matter of law.")

1    that the foreclosure sale was on hold "indefinitely."  Plaintiffs do not appear to dispute that the first

2    representation was true.  However, they do dispute the accuracy of the second representation.

3           After reviewing the evidence, the Court finds there is a genuine issue of material fact about

4    whether this representation was true.  Although Poerschke represented to Plaintiffs' counsel that the

5    foreclosure sale was on hold "indefinitely," Plaintiffs cite evidence that the foreclosure sale would

6    only be on hold for sixty days.  (*See* Poerschke's Notice of Lodgment in Supp. of Mot., Ex. C at 157-

7    58.)  Plaintiffs also present evidence that Poerschke was made aware of that fact on or around

8    November 3, 2008, which predates both of her representations to Plaintiffs' counsel.  (*Id.*)   In light

9    of this evidence, there is a genuine issue of material fact about whether Poerschke's statements to

10   Plaintiffs' counsel were true.[7]

11                        *b.      Justifiable Reliance*

12          Next, Defendants assert there is no evidence to support the element of justifiable reliance.

13   Defendants' argument is two-fold.  First, they argue Plaintiffs did not change their position based on

14   Poerschke's representations.  Second, Defendants assert Plaintiffs' counsel had access to information

15   about the foreclosure sale, and Plaintiffs were properly notified thereof.

16          Neither of these arguments demonstrates the absence of a genuine issue of material fact or that

17   Defendants are entitled to judgment as a matter of law.  Contrary to Defendants' suggestion, the

18   element of justifiable reliance does not require affirmative action.  Plaintiffs' failure to act may be

19   sufficient as long as it was caused by Poerschke's representations.  Furthermore, "[i]t is well

20   established in California that in an action for fraud or deceit, negligence on the part of the plaintiff in

21   failing to discover the falsity of the defendant's statement is no defense when the misrepresentation

22   was intentional."  *Manderville v. PCG & S Group, Inc.*, 146 Cal. App. 4th 1486, 1502 (2007) (citations

23   omitted).[8]  The Court is also mindful that "the reasonableness of the reliance is ordinarily a question

24   of fact."  *Guido v. Koopman*, 1 Cal. App. 4th 837, 843 (1991) (citations omitted).  This case is no

25

26          [7]  This evidence also raises a genuine issue of material fact on the scienter elements of
     Plaintiffs' misrepresentation claims and Plaintiffs' emotional distress claims.

27

28          [8]  To the extent Plaintiffs' negligence may be raised as an affirmative defense to the negligent
     misrepresentation claim, Defendants have not satisfied their burden of proof that they are entitled to
     summary judgment on that defense.

1   exception to that general rule.  Accordingly, Defendants' argument on the element of justifiable

2   reliance does not warrant summary judgment.

3              *c.*   __Damage__

4        Next, Defendants argue Plaintiffs did not suffer any damage as a result of Poerschke's

5   representations.  Defendants appear to concede that Plaintiffs may have been damaged by the

6   foreclosure sale of their home, but assert that harm "was not related to Poerschke's true

7   representations about the hold."  (Poerschke's Mem. of P. & A. in Supp. of Mot. at 16.)  This

8   argument sounds in causation, which is addressed by the justifiable reliance element of a

9   misrepresentation claim.  *See Hall v. Time Inc.*, 158 Cal. App. 4th 847, 855 n.2 (2008) (stating

10  justifiable reliance is same as causation in fraud case).  For the reasons discussed above, the Court

11  rejects this argument.

12             *d.*   __Duty__

13       Finally, Defendants argue Poerschke did not owe Plaintiffs a fiduciary duty, therefore they are

14  entitled to judgment as a matter of law.  The absence of a fiduciary duty, however, does not defeat

15  Plaintiffs' claim.  *See Los Angeles Unified School Dist. v. Great Am. Ins. Co.*, 49 Cal. 4th 739, ___,

16  112 Cal. Rptr. 3d 230, 238 n.5 (2010) (stating tort law recognizes the existence of a duty "even in the

17  absence of a fiduciary relationship.")  Therefore, this argument does not warrant entry of summary

18  judgment.

19       2.   Agency

20       Turning to Defendants' next argument, the parties appear to agree that the two primary

21  elements of an agency relationship are authority and control.  (Deutsche's Mem. of P & A. in Supp.

22  of Mot. at 14; Opp'n to Deutsche's Mot. at 11.)  Defendants assert there is no evidence of either

23  element, but Plaintiffs disagree.  They cite the testimony of Ronaldo Reyes, Defendant's 30(b)(6)

24  designee, and the PSA as evidence of both elements.

25       This evidence establishes that Defendants entered into a contractual relationship with

26  Defendant Alliance, which later transferred its rights and obligations under the contract to Poerschke's

27  undisputed employer, IndyMac.  Pursuant to the PSA, IndyMac was responsible for communicating

28  with borrowers about their loans, handling notices of rescission from borrowers and initiating

foreclosure proceedings, all on behalf of Defendants.  (Def.'s Notice of Lodgment in Supp. of Mot., Ex. A at 17, 18, 28, 29.)  Defendants argue this evidence does not establish an agency relationship between themselves and IndyMac or its employee, Poerschke.  However, Plaintiffs need not establish an agency relationship to defeat Defendants' motions.  They need only raise a genuine issue of material fact, and the evidence cited fulfills that purpose.  In light of that evidence, and the general rule that the existence of an agency relationship is a question of fact, *Stilson v. Moulton-Niguel Water Dist.*, 21 Cal. App. 3d 928, 936 (1971); *Housewright v. Pacific Far East Line, Inc.*, 229 Cal. App. 2d 259, 265 (1964) (citing *Thayer v. Pacific Elec. Ry. Co.*, 55 Cal. 2d 430, 438 (1961)), the Court denies Defendants' motions for summary judgment on Plaintiffs' misrepresentation and emotional distress claims to the extent those claims rely on an agency theory.[9]

**D.     Quiet Title**

Plaintiffs' next claim is for quiet title.  Defendants argue they are entitled to judgment on this claim because Plaintiffs cannot tender their unpaid debt.  However, Defendants have failed to show that Plaintiffs' present inability to tender entitles Defendants to summary judgment on this claim.  The only case cited by Defendants involves mortgagors and their obligation to tender before recovering on a quiet title claim.  (*See* Mem. of P. & A. in Supp. of Mot. at 18.)  However, the foreclosure sale extinguished the mortgage, and under those circumstances, it is not clear that Plaintiffs are required to tender.  *See Fontana Land Co. v. Laughlin*, 199 Cal. 625, 639 (1926) (citing *Faxon v. All Persons*, 166 Cal. 707(stating tender requirement did not apply when "the mortgage had become extinguished.")  Thus, Defendants are not entitled to summary judgment on this claim.

**E.     Breach of Contract**

The final claim at issue is Plaintiffs' breach of contract claim.  Defendants assert they are entitled to judgment on this claim because they did not have a contract with Plaintiffs.  Rather, Defendants state Plaintiffs had a contract with Poerschke.  However, as discussed above, Plaintiffs have alleged there was an agency relationship between Poerschke and Defendants.  Under that theory, Defendants are not entitled to summary judgment on this claim.

_____

[9]  The Court also denies Defendants' motion for summary judgment on Plaintiffs' UCL claim to the extent it relies this theory.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.

## CONCLUSION

For these reasons, the Court grants in part and denies in part Defendants' motions for summary judgment. Specifically, the Court grants the motion as to Plaintiffs' TILA claim, Plaintiffs' UCL claim to the extent it relies on the alleged TILA violation, and Plaintiffs' misrepresentation and emotional distress claims to the extent they rely on a conspiracy theory. In all other respects, Defendants' motions are denied. Plaintiffs' motion for partial summary judgment is also denied for the reasons set out above.

**IT IS SO ORDERED**.

DATED: August 24, 2010

_____

HON. DANA M. SABRAW
United States District Judge

09cv0256